FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS MAZARIEGOS-DELGADO, | No. 06-75029 |
| Petitioner, | |
| v. | Agency No. A076-341-964 |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010 [**]

Before:     BEEZER, TROTT, and BYBEE, Circuit Judges.

Jose Luis Mazariegos-Delgado, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's ("IJ") decision denying his application for asylum,

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

KY/Research

withholding of removal, and relief under the Convention Against Torture ("CAT").

Our jurisdiction is governed under 8 U.S.C. § 1252. We review for substantial

evidence, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992), and we dismiss in

part and deny in part the petition for review.

We lack jurisdiction to review Mazariegos-Delgado's contention that he

qualifies for humanitarian asylum because he failed to exhaust this claim before the

agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Substantial evidence supports the IJ's conclusion that Mazariegos-Delgado

did not show that his problems with Rudy Vega and his family, or Mazariegos-

Delgado's problems with the political party, Union de Centro Nacional, established

past persecution or a well-founded fear of future persecution on account of a

protected ground. *See Cruz-Navarro v. INS*, 232 F.3d 1024, 1028-30 (9th Cir.

2000); *Molina-Morales v. INS*, 237 F.3d 1048, 1051-52 (9th Cir. 2001) (personal

retribution is not persecution on account of a protected ground).

Substantial evidence also supports the IJ's determination that, even though

Mazariegos-Delgado suffered past persecution by the Guatemalan police on

account of his imputed political opinion, the presumption of a well-founded fear of

future persecution had been rebutted due to the change in circumstances. *See Sowe*

*v. Mukasey*, 538 F.3d 1281, 1285-86 (9th Cir. 2008) (agency rationally construed

evidence in the record and provided a sufficiently individualized analysis of the petitioner's situation). Moreover, Mazariegos-Delgado's well-founded fear is further undermined because his family remains unharmed in Guatemala. *See Gu v. Gonzales*, 454 F.3d 1014, 1022 (9th Cir. 2006). Therefore, Mazariegos-Delgado's asylum and withholding of removal claims fail. *See Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009)

Finally, substantial evidence supports the IJ's determination that Mazariegos-Delgado is not entitled to CAT protection because he failed to demonstrate that it is more likely than not that he will be tortured if returned to Guatemala. *See Hasan v. Ashcroft*, 380 F.3d 1114, 1122-23 (9th Cir. 2004).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**